**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | | |
|---|---|---|
| IN RE:  SKS CONSTRUCTION, INC. ) | Case No. 21-31862-KLP | |
| ) | | |
| Debtor. ) | Chapter 11 | |
| ) | | |
| ) | | |
| SKS CONSTRUCTION, INC. ) | | |
| ) | | |
| Plaintiff, ) | | |
| v. ) | Adversary Proceeding | |
| ) | No. _____ | |
| WALNUT HILL DEVELOPMENT ) | | |
| CORPORATION ) | | |
| ) | | |
| Defendant. ) | | |
| ) | | |

**COMPLAINT FOR BREACH OF CONTRACT AND TURNOVER**

SKS Construction, Inc. ("SKS"), Debtor in the above-captioned chapter 11 case, as Plaintiff in the above-captioned adversary proceeding, alleges as follows as its Complaint against Walnut Hill Development Corporation ("Walnut Hill"):

**JURISDICTION AND VENUE**

1. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue of this proceeding is proper under 28 U.S.C. § 1409.

---

David K. Spiro (VSB# 28152)
David G. Browne (VSB# 65306)
Spiro & Browne, PLC
2400 Old Brick Road
Glen Allen, Virginia  23060
Telephone:       (804) 573-9220
Facsimile:        (804) 836-1855
E-mail:             dbrowne@sblawva.com
*Counsel for the Debtor*

**PARTIES**

3. Debtor SKS is a Virginia corporation with its principal office located in Spotsylvania County, Virginia, which provides excavation and construction services.

4. Defendant Walnut Hill is a Virginia corporation with its principal office located in the City of Fredericksburg, Virginia, which is engaged in the development of real estate.

**STATEMENT OF FACTS**

5. On or about November 1, 2018, SKS and Walnut Hill entered into a contract (the "Agreement"), a copy of which is attached hereto as **Exhibit 1**.

6. Pursuant to the terms of the Agreement, SKS agreed to perform certain earth moving, erosion control, paving, and related site work as further described in the Agreement, at a property in King George County, Virginia being developed by Walnut Hill (the "Property"), in exchange for total payment of $731,562.00 (subject to change orders and modifications as agreed by the parties).

7. By the beginning of 2020 and by no fault or cause by SKS, Walnut Hills decided to suspend work at the Property, communicating to SKS that the project and its plans had to be redesigned, that there were water management and erosion control changes that needed to be formulated and approved, among other issues, and that contractors other than SKS would be brought in to complete any further site work otherwise called for under the Agreement once those issues were addressed.

8. As a result of the stoppage and these communications directed by Walnut Hills, SKS provided to Walnut Hill a letter and final payment application on or about March 6, 2020, asking for release from the Agreement and payment of outstanding

retainage amounts owed. A copy of the letter and payment application is attached as **Exhibit 2.**

9. SKS performed all of its obligations pursuant to the Agreement prior to the stoppage initiated by Walnut Hill, including completion of the vast majority of the site work called for, with all tasks thereunder completed in a good and workmanlike manner.

10. All work completed by SKS pursuant to the Agreement passed all necessary inspections under the Agreement.

11. Walnut Hill repeatedly communicated its satisfaction with the work performed by SKS, and its gratitude for the work performed by SKS after SKS replaced other contractors.

12. Walnut Hill withheld $30,417.34 in retainage pursuant to the Agreement, which became due and payable to SKS upon completion and satisfactory inspection of the work performed by SKS.

13. SKS has made repeated demand upon Walnut Hill for payment of the $30,417.34 retainage, both prior to and after the commencement of its chapter 11 bankruptcy case, including a demand letter of April 12, 2021 attached hereto as **Exhibit 3.**

14. In response to demands from SKS, Walnut Hill has communicated to SKS that it was withholding the $30,417.34 in retainage due under the Agreement because of alleged disputes arising from a completely different project, governed by a completely separate contract, that is owned by a company other than Walnut Hill but with owners, officers, and directors common to Walnut Hill.

15. Despite the repeated demands by SKS, Walnut Hill has failed to pay the $30,417.34 in retainage that is owed.

## COUNT I – BREACH OF CONTRACT

16. The allegations in ¶¶ 1-15 above are incorporated and restated as if fully set forth herein.

17. The Agreement is a valid and binding contract between SKS and Walnut Hill.

18. The Agreement required and continues to require Walnut Hill to make a final payment of $30,417.34 to SKS.

19. Walnut Hill has failed to make the $30,417.34 final payment to SKS.

20. SKS has performed all of its obligations pursuant to the Agreement.

21. Walnut Hill has breached the Agreement.

22. SKS is entitled to judgment in the amount of, and payment of, the amount of $30,417.34 , plus any and all costs and interests to which it might be entitled.

## COUNT II – TURNOVER PURSUANT TO 11 U.S.C. § 542

23. The allegations in ¶¶ 1-22 above are incorporated and restated as if fully set forth herein.

24. Walnut Hill was and remains required pursuant to the Agreement to pay $30,417.34 to SKS.

25. SKS has made demand for this payment both before and after commencing and providing notice of its chapter 11 bankruptcy case, and Walnut Hill has refused to turn over any amounts.

26. These amounts due pursuant to the Agreement are matured, immediately payable, and not subject to any right of setoff or reduction.

27. The amounts due pursuant to the Agreement constitute property of the bankruptcy estate of SKS pursuant to 11 U.S.C. § 541.

28. Pursuant to 11 U.S.C. § 542, SKS demands and seeks entry of an order directing immediate turnover of the $30,417.34 , plus any and all applicable costs and interest, from Walnut Hill.

## RELIEF REQUESTED

SKS request that the Court grant it the following relief:

a) With respect to Count I (Breach of Contract), entry of judgment against Walnut Hill in the amount of $30,417.34 , plus any and all applicable costs and interest;

b) With respect to Count II (Turnover), entry of an order directing Walnut Hill to turn over the amount of $30,417.34 , plus any and all applicable costs and interest; and

c) Such other and further relief as the Court deems just and proper.

DATED: August 20, 2021                                   **SKS CONSTRUCTION, INC.**

By: _____/s/ David G. Browne_____
                                                                                        Counsel

David K. Spiro (VSB# 28152)
David G. Browne (VSB# 65306)
Spiro & Browne, PLC
2400 Old Brick Road
Glen Allen, Virginia  23060
Telephone:    (804) 573-9220
Facsimile:     (804) 836-1855
E-mail:          dbrowne@sblawva.com
*Counsel for the Debtor*

5