**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

In re:

SKS CONSTRUCTION, INC.                         Case No. 21-31862-KLP

                                               Chapter 11

        Debtor.

_____/

**ORDER CONFIRMING PLAN OF**
**REORGANIZATION OF SKS CONSTRUCTION, INC.**

Upon the Plan of Reorganization of SKS Construction, Inc. (the "Plan") dated September 7, 2021, and the hearing on confirmation thereof held on November 3, 2021 (the "**Confirmation Hearing**"), and upon a full and complete record of the Confirmation Hearing and all matters and proceedings in this Chapter 11 Case;

THE COURT FINDS AND CONCLUDES:

1.      This Court has jurisdiction over this Case pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this Chapter 11 Case in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L), and this Bankruptcy Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

2.      On September 7, 2021, the Debtor filed the Debtor's Plan of Reorganization.

3.      On September 27, 2021, pursuant to (a) the terms of the Order Fixing Hearing on Confirmation and Times for Filing Objections to Confirmation and Acceptances or Rejections of Plan (the "**Order**") and (b) § 1125 of the Bankruptcy Code, the Debtor solicited votes on the Plan.

David K. Spiro (VSB No. 28152)
SPIRO & BROWNE, PLC
6802 Paragon Place
Richmond, Virginia 23218-0500
Telephone:  (804) 441-6102
E-mail:  dspiro@sblawva.com
Counsel for the Plan Proponent / Debtor

Specifically, Ballots were sent to all Holders of Claims in all Classes eligible to vote in accordance with the Order.

4. Proper notice of the Confirmation Hearing, the Plan, and the payment provisions under the Plan were provided to all creditors and parties in interest as required by the Order, and such notice is adequate and sufficient under the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") including but not limited to § 1128 of the Bankruptcy Code, Bankruptcy Rules 2002(b), 3017, and 3020(b) and other applicable law and rules.

5. The Plan complies with the requirement of §§ 1190 and 1191 of the Bankruptcy Code

6. As set forth below, the Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying § 1129(a)(1) of the Bankruptcy Code.

    a. <u>Proper Classification (11 U.S.C. §§ 1122, 1123(a)(1))</u>. The Plan designates nine (9) Classes of Claims and Interests. The Claims and Interests placed in each class are substantially similar to other Claims and Interests, as the case may be, in each such Class. Valid business, factual, and legal reasons exist for separately classifying the various Classes of Claims and Interests created under the Plan, and such Classes do not unfairly discriminate between holders of Claims and Interests. The Plan satisfies §§ 1122 and 1123(a)(1) of the Bankruptcy Code.

    b. <u>Specified Unimpaired Classes (11 U.S.C. § 1123(a)(2))</u>. The Plan identifies and properly classifies those Classes that are Unimpaired under the Plan, thereby satisfying § 1123(a)(2) of the Bankruptcy Code.

    c. <u>Specified Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3))</u>. The Plan identifies and properly classifies those Classes that are Impaired under the Plan, thereby satisfying § 1123(a)(3) of the Bankruptcy Code.

    d. <u>No Discrimination (11 U.S.C. § 1123(a)(4))</u>. The Plan provides for the same treatment by the Debtor for each Claim or Interest in each respective Class unless the Holder of a particular Claim or Interest has agreed to a different treatment of such Claim or Interest, thereby satisfying § 1123(a)(4) of the Bankruptcy Code.

    e. <u>Implementation of Plan (11 U.S.C. § 1123(a)(5))</u>. The Plan and this Confirmation Order provide adequate and proper means for the Plan's implementation, thereby satisfying § 1123(a)(5) of the Bankruptcy Code.

f. <u>Prohibition Against Non-Voting Securities (11 U.S.C. § 1123(a)(6))</u>. Section 1123(a)(6) of the Bankruptcy Code is not applicable to the Plan.

g. <u>Designation of Officers, Directors or Trustees (11 U.S.C. § 1123(a)(7))</u>. The Plan describes and designates the Reorganized Debtor as a corporation and describes the officers and directors. Thus, the Plan complies with § 1123(a)(7) of the Bankruptcy Code.

7. Except as otherwise provided or permitted by orders of this Bankruptcy Court, the Debtor has complied with the applicable provisions of the Bankruptcy Code, thereby satisfying § 1129(a)(2) of the Bankruptcy Code. Specifically, the Debtor is a proper debtor under §§ 109 and 1182 of the Bankruptcy Code and is a proper plan proponent under § 1189 of the Bankruptcy Code. Further, the Debtor has satisfactorily complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Order in transmitting the Plan, the Ballots, the notice of the Confirmation Hearing, and related documents and notices, and in soliciting and tabulating votes on the Plan.

8. The Debtor has proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying § 1129(a)(3) of the Bankruptcy Code. In determining that the Plan has been proposed in good faith, this Court has examined the totality of the circumstances surrounding the filing of this Chapter 11 Case. The Debtor's good faith is further demonstrated by the facts and records of this Case and the hearings thereon, and the record of the Confirmation Hearing and other proceedings held in this Case. The Plan was proposed with a legitimate and honest purpose.

9. Any payment made or to be made by the Debtor for services or for costs and expenses in or in connection with this Chapter 11 Case, or in connection with the Plan and incident to this Case, has been approved by, or is subject to the approval of, the Bankruptcy Court as reasonable, thereby satisfying § 1129(a)(4) of the Bankruptcy Code.

10. The Debtor has disclosed the identity of the Insider who will continue as the owner of the Reorganized Debtor, and as such § 1129(a)(5) of the Bankruptcy Code is satisfied.

11. No regulatory approval was cited as necessary, and the Plan does not provide for the changes in any rates subject to regulatory approval. Accordingly, the Plan satisfies § 1129(a)(6) of the Bankruptcy Code.

12. The Plan satisfies § 1129(a)(7) of the Bankruptcy Code.

13. The Plan has been accepted by all the Classes of creditors whose acceptances are required by law and therefore satisfies § 1129(a)(8) of the Bankruptcy Code.

14. The treatment of Administrative Claims and Priority Claims pursuant to the Plan satisfies the requirements of §§ 1129(a)(9)(A), (B), and (C) of the Bankruptcy Code. Specifically, creditors holding Claims entitled to priority pursuant to § 507 of the Bankruptcy Code are being paid as required by law or have agreed to treatment otherwise.

15. An impaired class of claims under the Plan has accepted the Plan, and therefore the requirements of § 1129(a)(10) of the Bankruptcy Code are satisfied.

16. Confirmation of the Plan is not likely to be followed by a liquidation; accordingly, the Plan satisfies the requirements of § 1129(a)(11) of the Bankruptcy Code.

17. All fees payable under 28 U.S.C. § 1930 have been paid or the Plan provides for payment of all such fees continuing until this Case is closed. The Debtor is aware of no amounts due and owing given that 28 U.S.C. § 1930(a)(6)(A) specifically excludes payments for cases under Subchapter V of the Bankruptcy Code. Accordingly, the Plan satisfies the requirements of § 1129(a)(12) of the Bankruptcy Code.

18. Section 1129(a)(13) of the Bankruptcy Code is inapplicable since the Debtor does not maintain retiree benefits as contemplated by § 1114 of the Bankruptcy Code.

19. The Debtor is not required to pay a domestic support obligation of any sort, and as such the requirements of § 1129(a)(14) of the Bankruptcy Code are inapplicable to the Plan.

20. The Debtor is a corporation that is a moneyed, business, or commercial corporation and as such the requirements of § 1129(a)(16) of the Bankruptcy Code are inapplicable to the Plan.

21. The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933, as amended; accordingly, the Plan complies with § 1129(d) of the Bankruptcy Code.

22. The Debtor is assuming all Executory Contracts and/or Unexpired Leases, unless otherwise specifically designated, as part of the Plan; the Plan provides the non-Debtor party to the contract or lease with the treatment provided for by § 365(b) of the Bankruptcy Code.

23. In summary, the Debtor has satisfied the burden of proving the elements of §§ 1129(a) and 1191 of the Bankruptcy Code by a preponderance of evidence, which is the applicable evidentiary standard in this Bankruptcy Court for Confirmation of the Plan.

24. To the extent it was ever determined that the Plan has not been accepted by all the Classes of creditors whose acceptances are required by law, based upon the record before this Court, the Plan is confirmable pursuant to § 1191(b) of the Bankruptcy Code because it does not discriminate unfairly and is fair and equitable with respect to all requisite Classes. Upon confirmation of the Plan and the occurrence of the Effective Date, the Plan shall be binding upon the members of all Classes.

25. Based on the record before the Bankruptcy Court in this Chapter 11 Case, the Debtor, and its respective advisors, counsel or other professionals and the SubChapter V Trustee have acted in "good faith" within the meaning of § 1125(e) of the Bankruptcy Code in compliance with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules in connection with and related to the formulations, negotiation, solicitation, implementation, confirmation, and consummation of the Plan, and its participation in the activities described in § 1125 of the

Bankruptcy Code, and are entitled to the protections afforded by § 1125(e) of the Bankruptcy Code and the limitations of liability set forth in the Plan.

26. No further action of this Court will be required to authorize the Debtor to enter into, execute and deliver, or adopt, as the case may be, the documents necessary to implement the provisions of the Plan.

27. This Bankruptcy Court may properly retain jurisdiction over the matters set forth in Article 8 of the Plan, § 1142 of the Bankruptcy Code, and this Confirmation Order.

FINDING THAT THE PLAN IS CONFIRMABLE BASED UPON, AMONG OTHER THINGS, ALL OF THE ABOVE-STATED FINDINGS OF FACT AND CONCLUSIONS OF LAW, AND GOOD CAUSE APPEARING THEREFOR, THE COURT HEREBY ORDERS THAT:

1. <u>Bankruptcy Rule 7052</u>. The findings of this Court set forth above and the conclusions of law stated herein and on the record at the Confirmation Hearing, shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding by Bankruptcy Rule 9014. To the extent any finding of fact shall be determined to be a conclusion of law, it shall be so deemed, and vice versa.

2. <u>Confirmation</u>. The Plan is hereby approved and confirmed under § 1191(a) of the Bankruptcy Code as modified herein. The terms of the Plan are incorporated herein by reference and are an integral part of the Plan and this Confirmation Order, and as further delineated herein, are binding upon the Debtor, all of its creditors, and parties in interest affected thereby.

3. <u>Other Plan Documents</u>. Any Plan exhibit and any amendments, modifications, and supplements thereto, all documents and agreements related thereto or relating to consummation and implementation of the Plan and any other documents and agreements referenced by the Debtor at the Confirmation Hearing (collectively, the "**Plan Documents**"), and

the execution, delivery, and performance thereof by the Debtor is authorized and approved. Without need for further order or authorization of the Bankruptcy Court, the Debtor, or the Reorganized Debtor, as applicable, is authorized and empowered to make any and all modifications to any and all documents included to any of the Plan Documents that do not materially modify the terms of such documents and are consistent with the Plan.

4. <u>Provisions of Plan and Confirmation Order Nonseverable and Mutually Dependent</u>. The provisions of the Plan and this Confirmation Order, including the findings of fact and conclusions of law set forth herein, are nonseverable and mutually dependent.

5. <u>Matters Relating to Implementation of the Plan; Authorizations</u>. The approvals and authorizations specifically set forth in this Confirmation Order are nonexclusive and are not intended to limit the authority of the Debtor or Reorganized Debtor to take any and all actions necessary or appropriate to implement, effectuate, and consummate any and all documents or transactions contemplated by the Plan or this Confirmation Order. The Bankruptcy Court authorizes the Debtor to consummate the Plan after entry of this Confirmation Order. The Debtor is authorized to execute, acknowledge, and deliver such deeds, assignments, conveyances, and other assurances, releases, documents, instruments of transfer, uniform commercial code financial statements, trust agreements, mortgages, indentures, security agreements, and bills of sale and to take such other actions as may be reasonably necessary to perform the terms and provisions of the Plan, all transactions contemplated by the Plan, and all other agreements related thereto. Pursuant to § 1142(b) of the Bankruptcy Code, any necessary party and/or parties are directed by the Court, as requested by the Reorganized Debtor, to execute or deliver or to join in the execution or delivery of any instrument required to effect a transfer of property dealt with by this Plan, and to perform any other act, including the release of any judgment and/or

encumbrances and/or the satisfaction of any lien, that is necessary for or in furtherance of the consummation of the Plan.

6. <u>Classification Controlling</u>. The classifications of Claims and Interests for purposes of the distributions to be made under the Plan shall be governed solely by the terms of the Plan. The classifications set forth on the Ballots tendered to the Debtor's Creditors in connection with voting on the Plan (a) were set forth on the Ballots solely for purposes of voting to accept or reject the Plan, (b) do not necessarily represent, and in no event shall be deemed to modify or otherwise affect, the actual classification of such Claims and Interests under the Plan for distribution purposes, and (c) shall not be binding on the Debtor or the Reorganized Debtor.

7. <u>Means of Execution</u>. Upon Confirmation, the Reorganized Debtor will retain Estate Property in accordance with Bankruptcy Code § 1123(a)(5)(A), subject to the liens of the creditor in Classes one (1) through eight (8), unless otherwise modified by order of this Court (the validity, extent, and priority of which are subject to determination by the Court except as otherwise provided herein). All other liens and/or encumbrances are hereby extinguished. Any defaults as of the Filing Date of the Debtor, whether or not reduced to judgment, are cured by the provisions herein. Pursuant to § 347 of the Bankruptcy Code, Unclaimed Funds shall become property of the Debtor.

8. <u>Direction to Necessary Parties</u>. Pursuant to § 1142(b) of the Bankruptcy Code, any necessary party and/or party in interest are hereby directed to execute, deliver, or to join in the execution or delivery of any instrument required to effect a transfer of property dealt with by this Plan, and to perform any other act, including the satisfaction of any lien and/or release of any encumbrance, that is necessary for or in furtherance of the consummation of the Plan.

9. <u>Exemption from Certain Taxes and Recording Fees</u>.  Pursuant to § 1146(c) of the Bankruptcy Code, the issuance, transfer or exchange of any security, or the making, delivery, filing or recording of any instrument under, or in connection with, the Plan shall not be taxed under any law imposing a recording tax, stamp tax, transfer tax, or similar tax.  Furthermore, and without limiting the foregoing, any transfers from the Debtor to the Reorganized Debtor or to any other Person pursuant to the Plan shall not be subject to any document recording tax, stamp tax, conveyance fee, intangibles or similar tax, sales or use tax, mortgage tax, stamp act, real estate transfer tax, mortgage recording tax, Uniform Commercial Code filing or recording fee, or other similar tax or governmental assessment. All filing or recording officers (or any other Person with authority over any of the foregoing), wherever located and by whoever appointed, shall comply with the requirements of § 1146(c) of the Bankruptcy Code, shall forego the collection of any such tax or governmental assessment, and shall accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax or governmental assessment.  The Court shall retain specific jurisdiction with respect to these matters.

10. <u>Executory Contracts and Unexpired Leases</u>.  All Executory Contracts and Unexpired Leases shall be assumed upon the Effective Date (if not already terminated). Notwithstanding any language in the Debtor's descriptions of any of the Executory Contracts and/or Unexpired Leases in the Plan or Plan Documents, the language contained in the Executory Contracts and Unexpired Leases themselves shall control.

11. <u>Payment of Fees</u>.  All fees payable under 28 U.S.C. § 1930 have been paid or the Plan provides for payment of all such fees continuing until this Case is closed.  The Debtor is aware of no said amount due and owing given 28 U.S.C. 1930(a)(6)(A) specifically excludes

payments for cases under Subchapter V of the Bankruptcy Code. Accordingly, the Plan satisfies the requirements of § 1129(a)(12) of the Bankruptcy Code.

12. <u>Professional Claims and Final Fee Applications</u>. All Persons seeking an award by the Bankruptcy Court of a Fee Claim incurred through and including the Effective Date shall on or before 30 days from the Effective Date, unless otherwise ordered by the Bankruptcy Court, file their respective final applications for allowance of compensation for services rendered and reimbursement of expenses incurred. The same shall be paid the latter of (a) the date upon which the order relating to any such Fee Claim is entered or (b) upon such other terms as may be mutually agreed upon between the holder of such Fee Claim and the Debtor or, on and after the Effective Date, the Reorganized Debtor.

13. <u>Other Administrative Claims</u>. All other Allowed Administrative Expense Claims shall be paid as provided in the Plan.

The Debtor shall pay to each Holder of an Allowed Administrative Expense Claim, on the latter of the Effective Date and the first (1st) Business Day after the date that is thirty (30) calendar days after the date such Administrative Expense Claim becomes an Allowed Administrative Expense Claim, or as soon thereafter as is reasonably practicable; *provided, however,* that Allowed Administrative Expense Claims representing liabilities incurred in the ordinary course of business by the Debtor, as debtor in possession, or liabilities arising under loans or advances to or other obligations incurred by the Debtor, as debtor in possession, whether or not incurred in the ordinary course of business, shall be paid by the Reorganized Debtor in the ordinary course of business, consistent with past practice and in accordance with the terms and subject to the conditions of any orders or agreements governing, instruments evidencing, or other documents relating to such transactions, or as otherwise provided herein.

14. <u>Resolution of Other Claims and Interests</u>.  Except as otherwise previously ordered by this Bankruptcy Court, any Claim, or interest that is not an Allowed Claim shall be determined, resolved, or adjudicated in accordance with the terms of the Plan and this Confirmation Order. The Debtor or Reorganized Debtor, as the case may be, may (a) until thirty (30) days after the Effective Date (unless extended by Order of the Bankruptcy Court) file objections in the Bankruptcy Court to the allowance of any Claim or interest and/or (b) amend itsschedules at any time before the Chapter 11 Case is closed.

15. <u>Discharge of the Subchapter V Trustee</u>.  Upon substantial consummation of the Plan, the Subchapter V Trustee shall be discharged pursuant to § 1183(c) of the Bankruptcy Code, and responsibilities and obligations in connection with this Case shall terminate, except with respect to any Fee Claim.

16. <u>Claims and Their Treatment</u>.  Allowed Claims as provided in this Order shall be paid or otherwise satisfied as provided in the Plan, except that unsecured priority tax claims shall be allowed in full as filed on the proofs of claim and shall be paid in full on the Effective Date, or as provided for by § 1129(a)(9)(C)(i), with interest from the Confirmation Date at the rate of five (5) percent pursuant to 26 U.S.C., §§ 6621 and 6622.

17. <u>Effects of Confirmation</u>.  Except as otherwise specifically provided in or contemplated by this Confirmation Order, the Plan together with the Plan Document shall, in addition to the effects prescribed by Bankruptcy Code §§ 1141 and 1192:

    a.    Bind (i) the Debtor and (ii) all Holders of Claims and interests, whether or not they filed a proof of claim, whether or not they accept this Plan, and whether or not the claim or interest of such Holder is impaired or Allowed under the Plan.

    b.    Cure all defaults under the agreements between the Debtor and any third party, which agreements may include third-party guarantees. Unless and until there is an Event of Default under this Plan, Creditors whose Claims are provided for herein shall not be entitled to pursue third parties or non-Debtor collateral, except as provided for

herein, provided, however, that nothing contained herein shall prevent the Bank of the West d/b/a Takeuchi Financial Services, from pursuing any third party guaranty claim or related non-Debtor collateral for the difference between the allowed general unsecured claim as described in Paragraph 24 herein and payments made or to be made under the Plan.

      c.      On the Effective Date of the Plan, discharge the Debtor from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt: (i) imposed by this Plan; or (ii) to the extent provided in § 1141(d)(6).

      d.      Bind upon and inure to the benefit of the Debtor, all present and former holders of Claims and interests, and their respective successors and assigns.

18.    <u>Injunctions</u>. The injunction provisions set forth in Article 10 of the Plan are hereby approved in their entirety. Except to the extent otherwise provided in the Plan, from and after the Confirmation Date all persons who have held, hold, assert or asserted or may hold Claims against or interests in the Debtor, its Estate, any of its property or assets on account of any such actual or asserted Claims or Administrative Claims that arose before the Effective Date are permanently enjoined from taking any of the following actions: (a) commencing or continuing, in any manner or in any place, any action or other proceeding; (b) enforcing, attaching, collecting and/or recovering, in any manner, any judgment, award, decree and/or order; (c) creating, perfecting and/or enforcing any lien or encumbrance; (d) asserting a setoff, right of subrogation or recoupment of any kind against any debt, liability and/or obligation due to the Debtor; and (e) commencing and/or continuing, in any manner or in any place, any action that does not comply with or in inconsistent with the provisions of the Plan; provided, however, that nothing contained herein shall preclude such persons from exercising their rights pursuant to and consistent with the terms of the Plan and/or this Order.

19.    <u>Substantial Consummation</u>. The Plan shall be deemed to be substantially consummated upon the commencement of distributions under the Plan.

20. <u>Controlling Provisions</u>. In the event and to the extent that any provision of this Confirmation Order is determined to be inconsistent with any provision of the Plan or any Plan Document, such provision of the Confirmation Order shall control and take precedence in all respects.

21. <u>Retention of Jurisdiction</u>. Pursuant to §§ 105(a), 1127, and 1142 of the Bankruptcy Code, and notwithstanding the entry of this Confirmation Order or the occurrence of the Effective Date, the Court shall retain exclusive jurisdiction to:

 a. Determine the Classification of the Claim of any creditor and re-examination of Claims, which have been allowed for, purposes of voting, and the determination of such objections as may be filed to such Claims. The failure by the Debtor to object to, or to examine any Claim for the purposes of voting, shall not be deemed to be a waiver of the Debtor's right to object to, or re-examine the Claim in whole or in part.

 b. Determine any and all applications for compensation and reimbursement of expenses pursuant to Bankruptcy Code § 330.

 c. To the extent authorized by the Bankruptcy Code and Bankruptcy Rules, modify the Plan or correct any defect, cure any omission, or reconcile any inconsistency in the Plan or the Confirmation Order as may be necessary to carry out the purposes and intent of the Plan.

 d. Determine any and all applications, adversary proceedings, and contested or litigated matters pending on the Confirmation Date or arising in or related to the Debtor's reorganization proceedings.

 e. Determine matters concerning state, local and federal taxes pursuant to Bankruptcy Code §§ 106, 505, 1141, and 1146.

 f. Determine the validity, priority, enforceability and extent of all Liens, encumbrances, mortgages, security agreements, deeds of trust, assignments and other charges and levies which are, or become Liens or encumbrances on assets or Estate Property prior to Confirmation.

 g. Resolve controversies and disputes regarding the interpretation of the Plan.

 h. Implement the provisions of the Plan and enter any orders in aid of Confirmation and consummation of the Plan including, without limitation, orders to protect the Debtor and assets and Estate Property from actions by creditors and/or interest holders of Debtor.

 i. Enforce the rights of the Debtor under the Plan.

 j. To take such action to enjoin interference with implementation of the Plan.

 k. For such other matters as may be set forth in this Confirmation Order.

22. **Notices**. Notice required by the Plan, or given by any creditor or party in interest concerning the Plan, shall be to all of the following:

> SKS Construction, Inc.
> Steven Zuchowski
> 10900 Houser Drive
> Fredericksburg, VA 22408

With a copy to:

| | |
|---|---|
| David K. Spiro, Esquire | Jason B Shorter, Esquire |
| Spiro & Browne, PLC | Office of the United States Trustee |
| 6802 Paragon Place, Suite 410 | 701 East Broad Street, Suite 4304 |
| Richmond, Virginia 23230 | Richmond, VA 23219 |

23. **Notice of Entry of Confirmation Order**. On or before the tenth (10th) Business Day following the date of entry of this Confirmation Order, the Debtor shall serve notice of entry of this Confirmation Order pursuant to Bankruptcy Rules 2002(f)(7), 2002(k), and 3020(c) on all Creditors and Equity Interest Holders, the United States Trustee, and other parties in interest, by causing notice of entry of the Confirmation Order (the "**Notice of Confirmation**"), to be delivered to such parties by first-class mail, postage prepaid. The notice described herein is adequate under the particular circumstances and no other or further notice is necessary.

24. **Clarification regarding claim of the Class 7 creditor**. With respect to the claim of the Class 7 creditor, Bank of the West d/b/a Takeuchi Financial Services ("Takeuchi"), Takeuchi timely filed its proof of claim in the amount of $128,397.00 asserting a security interest in a Takeuchi Excavator (the "Collateral"). By agreement with the Debtor, Takeuchi recovered the Collateral but because of certain repairs that were required, the Collateral is not scheduled for sale until on or about December 14, 2021. Once the sale is completed and the net proceeds (the "Net Sales Proceeds") are remitted to Takeuchi, the resulting allowed Class 9 general unsecured

deficiency claim in the amount of the Original Claim less the Net Sales Proceeds will be established and Takeuchi will be entitled to participate as a Class 9 creditor in such amount. In the event there are any Class 9 distributions prior to the determination of the deficiency claim, the Debtor shall reserve against such claim based on an estimated deficiency claim amount of $53,387.00.

25. <u>Modification/Clarification re claim of Blue Ridge Bank</u>. With respect to the Class 1 claim of Blue Ridge Bank, this clarifies that the balance on the Petition Date, per the proof of claim filed on 8/18/21 was in the amount of $905,328.29. Interest and costs, including attorney's fees, have accrued and continue to accrue. Additionally, the sentence under the "Treatment" heading shall be revised to read:

> "The Debtor and Blue Ridge Bank entered into a cash collateral agreement which provided for adequate protection payments by the Debtor to Blue Ridge Bank in the amount of $2,000.00 per month during the months of August, 2021 through October, 2021, and certain other relief (*see* cash collateral motion filed on July 20, 2021 [Doc. No. 35]). Beginning on December 1, 2021, the Debtor shall make monthly interest-only payments in arrears at the default rate, and on the 1st day of each month thereafter, for six (6) consecutive months, in the approximate amount of $5,000.00 per month, with subsequent payments of principal and interest at the contract rate beginning on May 1, 2022, in the approximate amount of $13,478.73 per month, through October 25, 2026 (the "Maturity Date"), at which time all remaining amounts outstanding under the Promissory Note dated October 25, 2019 (the "Note"), including unpaid principal, any accrued and unpaid interest, and costs, including attorney's fees, shall be immediately due and payable in full. All other terms of Blue Ridge Bank's loan documents, including the promissory note, security agreements and cash collateral agreement, are incorporated herein by reference and Blue Ridge Bank shall have perfected liens on all of its Collateral and replacement collateral until the loan is paid in full, including but not limited to perfected liens on new receivables generated by the Debtor post-petition and any proceeds generated from turnover actions that have been or will be filed in connection with receivables or other claims of the Debtor and a deed of trust granted by Steven and Wendy Zuchowski in the amount of $100,000.00—second in priority behind a deed of trust securing an outstanding principal balance not to exceed $32,000.00 at any time—on certain real estate owned by them that is located at 10503 Rhoads Drive, Fredericksburg, VA 22407. The replacement liens granted by the Debtor to the Bank shall be deemed perfected without the necessity for the filing or execution of documents, which might otherwise be required under non-

bankruptcy law for the perfection of the security interests if such security interests were perfected under applicable state law before the Petition Date. The Bank may, in its discretion, file a copy of the Cash Collateral Order or the Confirmation Order in such courts or other public agencies as it may deem necessary to provide evidence or notice of its security interests."

26. <u>Post-Confirmation Reporting Requirement</u>. The Debtor shall file monthly operating reports, in accordance with Guidelines for filing such reports prescribed by the United States Trustee, until the month following the "Effective Date" of the Plan, as that term is defined in the Plan.

Nov 17 2021

Dated: November ____, 2021

/s/ Keith L Phillips
    UNITED STATES BANKRUPTCY JUDGE

Entered On Docket: Nov 17 2021

I ask for this:

By: _/s/ David K. Spiro_
David K. Spiro (VSB No. 28152)
SPIRO & BROWNE, PLC
6802 Paragon Place, Suite 410
Richmond, Virginia 23230
Telephone: (804) 441-6102
E-mail: dspiro@sblawva.com
*Counsel for the Debtor*

Seen and not objected to:


By:    */s/ Jason B. Shorter*
Jason B. Shorter, Esquire (VSB No. 80929)
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, Virginia 23219

By:   */s/ Richard C. Maxwell*
Richard C. Maxwell, Esquire (VSB No. 23554)
Woods Rogers PLC
10 S. Jefferson Street
Suite 1400
Roanoke, VA 24011
*Subchapter V Trustee*

By:    */s/ Michael D. Mueller*
Michael D. Mueller, Esquire (VSB No. 38216)
Williams Mullen
P.O. Box 1320
Richmond, VA 23218
*Counsel for Blue Ridge Bank*

By:    */s/ Peter M. Pearl*
Peter M. Pearl, Esquire (VSB No. 22344)
Spilman Thomas & Battle, PLLC
310 1st St SW #1100
Roanoke, VA 24011
*Counsel for Bank of the West d/b/a Takeuchi Financial Services*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of November 2021, a true and correct copy of the Order Confirming Plan of Reorganization of SKS Construction, Inc was endorsed by all necessary parties.

                                              */s/ David K. Spiro*
                                              Counsel for the Debtor

**Service List for Entered Order**

Jason B. Shorter, Esquire
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, Virginia 23219

David K. Spiro
SPIRO & BROWNE, PLC
6802 Paragon Place, Suite 410
Richmond, Virginia 23230

Richard C. Maxwell, Esquire
Woods Rogers PLC
10 S. Jefferson Street
Suite 1400
Roanoke, VA 24011

Michael D. Mueller, Esquire
Williams Mullen
P.O. Box 1320
Richmond, VA 23218

Peter M. Pearl, Esquire
Spilman Thomas & Battle, PLLC
310 1st St SW #1100
Roanoke, VA 24011